IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EVERETT STOGNER, # 172463**                                              **PLAINTIFF**

v.                                                      CIVIL NO. 1:18CV257-HSO-JCG

**ANTHONY BEASLEY, LUCY**
**MARTIN, and ANDREW MILLS**                                       **DEFENDANTS**

## ORDER DENYING TRO AND PRELIMINARY INJUNCTION

BEFORE THE COURT are pro se Plaintiff Everett Stogner's Motion for Temporary Restraining Order [4], Motion for a Preliminary Injunction [5], and Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [6]. Stogner is incarcerated with the Mississippi Department of Corrections, and he brings this action alleging excessive force and challenging two Rule Violation Reports ("RVRs"). Through the present Motions, Stogner seeks both a temporary restraining order and a preliminary injunction prohibiting Defendants from transferring him. The Court has considered Plaintiff's submissions and relevant legal authority, and finds that Plaintiff's Motions [4] [5] should be denied.

### I. DISCUSSION

Stogner is presently housed in the South Mississippi Correctional Institution ("SMCI"), Building D-1, which allegedly houses disabled prisoners and those receiving medical care for chronic conditions. Pl.'s Mot. for TRO [4] at 1. Stogner alleges that he is housed there because he suffers from violent seizures. *Id.*

Stogner claims Defendant Captain Anthony Beasley, a correctional officer at the prison, used unnecessary force against Stogner while he was having a seizure. *Id.* To cover up the alleged force, Beasley purportedly issued Stogner two false RVRs. *Id.* Stogner claims he filed a grievance on both issues on April 12, 2018. Compl. [1] at 12; Compl. Ex. [1-1] at 1. Stogner now seeks preliminary injunctive relief to prevent any retaliatory transfer from the medical building, Pl.'s Mem. [6] at 1, contending that "[i]t is a well known fact here at SMCI, that when an inmate files a grievance on the staff, they will be retaliated against. Offender [sic] will be transfer[r]ed to . . . the most violent part of the prison," *id.* at 2.

To be entitled to a preliminary injunction, Stogner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to Defendants if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 n.15 (5th Cir. 2001). Plaintiff asks this Court to prevent any future retaliatory transfer. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. Tex. 1998).

Stogner does not address the elements of retaliation. Rather, Stogner contends he has a substantial likelihood of success on the excessive force and RVR

2

claims found in his Complaint. Pl.'s Mem. [6] at 3-4. Stogner does not explain how either the alleged excessive force or wrongful RVRs would be remedied by a prohibition against his transfer. Since the claim for which Stogner seeks preliminary injunctive relief is retaliation, and he does not argue that he is likely to succeed on his retaliation claim, he fails the first prong of the test for injunctive relief as to the claim for retaliation.

Additionally, Stogner must show a substantial threat of irreparable harm without the injunction. The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016) (holding court erred in issuing preliminary injunction because threat of injury was not imminent). Conclusory allegations of an irreparable injury are insufficient. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

Stogner argues that he is "threatened with irreparable injury if transferred in retaliation for filing this action." Pl.'s Mem. [6] at 2. To support his position, Stogner asserts that inmates who file grievances are transferred to the most violent part of the prison, and that the transfer itself is the irreparable harm. *Id.* Yet, Stogner filed a grievance almost six months ago, and over three months prior to filing the present Motions, and he has not been transferred. Compl. [1] at 12; Compl. Ex. [1-1] at 1. Stogner does not allege any specific plans to move him, give any examples of prior retaliatory transfers, or allege that any of these Defendants

3

in particular are known for them. Stogner fails to allege a substantial threat of an irreparable harm.

Having failed to establish a substantial likelihood of either success on the merits or of an irreparable injury, Stogner is not entitled to preliminary injunctive relief. Therefore, the Motions will be denied.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Plaintiff Everett Stogner's Motion for Temporary Restraining Order [4] and Motion for a Preliminary Injunction [5] are **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE