# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EVERETT STOGNER, # 172463**                              **PLAINTIFF**

v.                                             **CIVIL NO. 1:18cv257-HSO-JCG**

**ANTHONY BEASLEY, LUCY MARTIN, and ANDREW MILLS**               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Everett Stogner is incarcerated with the Mississippi Department of Corrections, and he brings this action pursuant to 42 U.S.C. § 1983, alleging excessive force and a deprivation of due process. For the reasons set forth below, Stogner's due process claims will be dismissed, as will all of his claims against Defendants Lucy Martin and Andrew Mills.

### I. BACKGROUND

Stogner is currently housed at the South Mississippi Correctional Institution. Compl. [1] at 2. Defendants Captain Anthony Beasley, Lucy Martin, and Warden Andrew Mills are employed at the prison. *Id.* at 2-3. Beasley is a correctional officer, and Martin is a disciplinary hearing officer. *Id.* at 2. Stogner claims that on March 14, 2018 he was being treated for a violent seizure in the medical unit. *Id.* at 6-7. During this episode, Captain Beasley allegedly hit Stogner in the face, threw him to the floor, and kicked him. *Id.* at 7.

Stogner alleges that Beasley then issued him two false Rule Violation

Reports ("RVRs") in order to give an apparent justification for the use of force. *Id.* One charged Stogner with refusing to obey a staff order and the other charged him with assault on Beasley. Pl.'s Resp. Ex. [16-1] at 1-2. Martin found Stogner guilty of both RVRs, even though there was allegedly no evidence to support them. *Id.*; Compl. [1] at 7-8. As a result, Stogner was punished with a loss of all privileges for a month on the first RVR and a loss of canteen and visitation privileges for eighteen months on the second. Pl.'s Resp. Ex. [16-1] at 1-2. Stogner also contends that he was placed in segregation from about March 17, 2018, through approximately April 14, 2018. Pl.'s Resp. [16] at 2; Compl. [1] at 7. Warden Mills affirmed the RVRs on administrative appeal. *Id.* at 8.

Plaintiff initiated this civil action on August 3, 2018, invoking 42 U.S.C. § 1983 and asserting an excessive force claim against Captain Beasley, and a deprivation of due process claim against all Defendants. Stogner asks the Court for a declaratory judgment, compensatory and punitive damages, and injunctive relief.

II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

2

from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir.1994)). Because the Court has permitted Stogner to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

Among other things, Stogner claims Defendants violated his due process rights by convicting him of two false RVRs in the absence of any evidence. To maintain a procedural due process claim, Stogner must show that the RVRs either: (1) affected or "will inevitably affect the duration of his sentence;" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Stogner

3

does not allege that the RVRs affected or will inevitably affect the duration of his sentence. Rather, Stogner complains that he was deprived of all privileges for one month and of canteen and visitation for eighteen months, and was placed in segregation for four weeks pending the disciplinary hearing. Neither the segregation, without more, nor the deprivation of privileges in this case constitutes an atypical or significant hardship. *Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. Apr. 23, 2013) (holding three month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding 30 day loss of commissary plus 30 day segregation did not implicate due process); *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (holding classification which resulted in one year confined to a shared cell, with leave only for showers, medical appointments, and family visits was not an atypical or significant hardship).

Additionally, the Supreme Court has held that prison visitation is not an independent right protected by the Due Process Clause. *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 461 (1989) (rejected on other grounds by *Sandin*, 515 U.S. at 482). The Fifth Circuit Court of Appeals likewise holds prisoners do not have a liberty interest in visitation. *E.g.*, *Watkins*, 547 F. App'x at 410. Of course, extreme variations of otherwise "typical" punishments may create a liberty interest, for example, segregation in and of itself is not atypical but, when coupled with extreme conditions or length, can implicate a liberty interest in its avoidance.

4

*Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (finding liberty interest in avoiding indefinite placement in a supermax facility where, among other things, "almost all human contact is prohibited"); *Wilkerson v. Goodwin*, 774 F.3d 845, 848-49 (5th Cir. 2014) (39 years in solitary confinement). Plaintiff complains that his sanction lasted for eighteen months. In contrast to *Wilkinson*, however, Plaintiff does not claim to have been cut off from almost all means of human contact or to have suffered a visitation ban for an indefinite period of time. Plaintiff was subjected to a limited, eighteen month ban on visitation, which was not accompanied by simultaneous segregation. Nothing about the punishments in the instant case rise to the level of atypical or extraordinary hardships, and Plaintiff's due process claims should therefore be dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's due process claims are **DISMISSED WITH PREJUDICE** as frivolous. Accordingly, Defendants Lucy Martin and Andrew Mills are also dismissed from the case. The excessive force claim against Defendant Anthony Beasley shall proceed.

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE