# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**EVERETT STOGNER**                                                          **PLAINTIFF**

**v.**                                                     **CASE NO. 1:18-cv-257-JCG**

**ANTHONY BEASLEY**                                                          **DEFENDANT**
*Captain*

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

BEFORE THE COURT is a civil rights Complaint filed under 42 U.S.C. § 1983 by Plaintiff Everett Stogner, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC) who claims that Defendant, Captain Anthony Beasley, a correctional officer, used excessive force against him. An omnibus hearing that also operated as a *Spears* hearing was held on February 19, 2019.[1] Defendant Beasley has filed a Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 27) and supplemented his Motion for Summary Judgment with two affidavits. (ECF Nos. 31, 32). Plaintiff has filed a Response (ECF No. 34). Defendant did not file a rebuttal.

Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Defendant's Motion for Summary Judgment must be GRANTED because Plaintiff did not exhaust his claim for excessive force through MDOC's administrative grievance process before filing this suit.

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

BACKGROUND

Plaintiff Everett Stogner's suit concerns events allegedly occurring at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, where he is housed. Plaintiff claims that Captain Anthony Beasley, a correctional officer, used excessive force against him, while Plaintiff was having a seizure. Plaintiff initially advanced a due process claim against Defendant Beasley, and advanced claims against Lucy Martin and Andrew Mills. The due process claim against Beasley and all claims against Martin and Mills have been dismissed. (ECF No. 18). The only remaining claim is Plaintiff's claim for excessive force against Beasley.

Plaintiff alleges that on March 14, 2018, he was being treated for a violent seizure in the medical unit. (ECF No. 1, at 6-7). During the seizure, Beasley allegedly hit Plaintiff in the face, threw him to the floor, and kicked him. *Id.* at 7. Beasley then issued Plaintiff two Rule Violation Reports ("RVRs"). *Id.* One charged Plaintiff with refusing to obey a staff order, and the other charged Plaintiff with assault on Beasley. (ECF No. 16-1, at 1-2). Plaintiff contends that Beasley issued the RVRs in order to give an apparent justification for his use of force.

Plaintiff was found guilty of both RVRs. (ECF No. 1, at 7-8). Plaintiff was punished with a loss of all privileges for a month on the first RVR and a loss of canteen and visitation privileges for eighteen months on the second RVR. (ECF No. 16-1, at 1-2). Plaintiff was placed in lockdown from about March 17, 2018, through approximately April 14, 2018. (ECF No. 16, at 2; ECF No. 1, at 7).

Plaintiff filed a grievance with MDOC's Administrative Remedy Program (ARP) that was received on March 29, 2018. Plaintiff requested to be moved from lockdown, stating:

> I am asking to be moved from SMCI back to Rankin [illegible] I was housed there for 6 yrs. But I can down here to SMCI to see the Eye Droctor at Southern Eye I him on 3-13-18. But am a bad seizure patince and I had several bad seizure on Wed 3-14-18. They said that they had to send me off Grounds. But I woke latter that night in the clinic infirmy and they gave (2) RVRs (1) stateing I assaulted Capt. Beasley (1) disobeying orders I did not know anything at all about this until they woke me up to sign those RVRs. I am asking that you'll would do something about this matter. Because they got me in lock-down. When I got a paper from a Dr. William Braizer stating where I need to be in a safe place where someone can see me at all times. I do not disrect any officers I show all officers respect. They are the ones that help look at on my medical but in lock-down I am by myself. I have found myself in the floor in this cell and it has been reported to family. Please help with this matter. Where want have to go any further please

(ECF No. 32, at 1) [all sic in original].

By the time the grievance was responded to on April 4, 2018, Plaintiff had been released from lockdown. *Id.* at 3. Plaintiff received an ARP response asking if he wanted to change his request or cancel it. *Id.* On April 19, 2018, ARP received a grievance from Plaintiff appealing the RVRs issued by Beasley on March 14, 2018. The ARP provided

> PLAINTIFF'S MEDICAL RECORDS REVEAL HE HAS HISTORY OF VIOLENT SEIZURES HE KICKS SWINGS HIS ARMS DURING SEIZURES HAS NO KNOWLEDGE OF HITTING BEASLEY 3-14-2018 HE WAS TAKEN TO HOSPITAL ON SEVERE SEIZURE CONDITION HE'S BLIND IN ONE EYE RIGHT AND HAS CATERACT IN

3

LEFT EYE SUFFERS TEMPORARY INSANITY DURING SEIZURES DOES NOT SEE OR HEAR WHO'S TALKING OR HANDLING HIM. HE IS NOT RESPONSIBLE FOR HIS ACTIONS IN SUCH STATE SEE U.S. V. MOTT 72 MJ 319 (2013). BOTH RVR'S VIOLATE AMERICANS WITH DISABILITIES ACT LAWS 42 U.S.C.A. § 12101. 28 C.F.R. § 35.134 AS REPRISALS DUE TO STOGNER'S DISABILITIES SEIZURE INSANITY BOTH VIOLATE DUE PROCESS 28 DAYS ELAPSED BETWEEN INCIDENT AND HEARING AND ARE TIME BARRED IN ADDITION TO STAFF FAILURE TO INVESTIGATE MEDICAL RECORDS VIOLATING U.S. V. GEORGIA 546 U.S. 151 (2006) FARID V. GOORD 200 F.SUPP. 2D 220 (N.D.N.Y. 2002) SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT AND ADA DISCRIMINATION STAFF REPORT IS INADEQUATE STANDING ALONE TO IMPOSE SANCTIONS.

(ARP # SMCI-18-0521, ECF No. 27-1, at 4) [all sic in original].

On June 11, 2018, a response form entitled "First Step Response Form for RVRs" was issued, denying Plaintiff's request to overturn the RVRs. (ECF No. 27-1, at 9). The Response provided: "After reviewing the facts concerning this RVR, I find that policy and procedures were followed in this case. I agree with the decision of the Hearing Officer and find no merit to your complaint. The appeal is denied." *Id.*

Plaintiff filed this suit on August 3, 2018. In his Motion for Summary Judgment, Beasley maintains that because Plaintiff never mentioned excessive force in his ARP grievances or offered facts in his grievances indicating that he was alleging excessive force, Plaintiff's excessive force claim must be dismissed for failure to exhaust administrative remedies. In response, Plaintiff asserts that he "went through all of his files and cannot find any ARP which specifically states excessive force was used by Captain Beasley on him," but Plaintiff maintains that

his medical records from after the incident show that he was treated for abrasions and contusions to his face as a result of use of force. Plaintiff submits that the medical records were enough to alert prison officials that he was alleging excessive force and are sufficient to satisfy the exhaustion requirement. Plaintiff also argues that he alleged cruel and unusual punishment in his second grievance, which should have triggered an investigation "of why Stogner had the bleeding contusions on his face." (ECF No. 34, at 4). Alternatively, Plaintiff contends that an exception to exhaustion should be applied because "the prison's remedial system was confusing," and he should "not be penalized for making a reasonable, albeit flawed, attempt to comply with the relevant administrative procedures." *Id.* at 4-5. (quoting *Blake v. Ross*, 787 F.3d 693, 698 (4th Cir. 2015), *vacated*, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016)).

DISCUSSION

A. <u>Summary Judgment Standard</u>

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.      The Prison Litigation Reform Act's exhaustion requirement

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110

Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the

U.S.C.), prisoners are required to exhaust available administrative remedies before

filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions
> under [42 U.S.C. § 1983], or any other Federal law, by a
> prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement applies to all lawsuits which challenge

prison conditions and is not limited to civil rights claims brought under 42 U.S.C. §

1983. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The PLRA's exhaustion requirement

is mandatory, "foreclosing judicial discretion." *Ross v. Blake*, 136 S.Ct. 1850, 1857

(2016).

There is an exception to the exhaustion requirement. "A prisoner need not

exhaust remedies if they are not 'available.'" *Id.* at 1855. The United States

Supreme Court has clarified that there are only "three kinds of circumstances in

which an administrative remedy, although officially on the books, is not capable of

use to obtain relief." *Id.* at 859. An administrative remedy may be unavailable

where (1) the "administrative procedure . . . operates as a simple dead end – with

officers unable or consistently unwilling to provide any relief to aggrieved inmates;"

(2) the "administrative scheme . . . [is] so opaque that it becomes, practically

speaking, incapable of use . . . so that no ordinary prisoner can make sense of what

it demands;" or (3) "prison administrators thwart inmates from taking advantage of

a grievance process through machination, misrepresentation, or

intimidation." *Id.* at 1859-60.

C.    Analysis

Correctional facilities under the authority of MDOC have adopted an

administrative review procedure (ARP) as allowed by Miss. Code Ann. § 47-5-801.

*See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program.[2]

Plaintiff participated in the ARP by filing two grievances. In his first grievance,

Plaintiff complained about being in lockdown. In his second grievance, Plaintiff

challenged the RVRs and his punishment. Plaintiff's statement in the second

grievance that he was subject to "cruel and unusual punishment" cannot be

interpreted to mean that Plaintiff was alleging he was subjected to excessive force.

Plaintiff stated in the second grievance that "REPRISALS DUE TO STOGNER'S

DISABILITIES SEIZURES INSANITY BOTH VIOLATE DUE PROCESS . . . IN

ADDITION TO STAFF FAILURE TO INVESTIGATE MEDICAL RECORDS . . .

SUBJECT[ED] PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT AND

ADA DISCRIMINATION . . . ." Plaintiff did not mention force being used against

him in either grievance.

---

[2] http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court
takes judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2).

Plaintiff argues that prison officials had notice or should have had notice of his excessive force claim because Plaintiff's medical records from after the incident reflect that he was being treated for abrasions and contusions to his face as a result of use of force. This argument is unavailing because the law requires proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citation and quotation marks omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedures." *Id.* "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock,* 549 U.S. 199, 218 (2007). Even though a prisoner is not required to "present a full-fledged legal theory in his grievance," a prisoner is required to give prison officials notice of the alleged problem and an opportunity to address it. *See Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004).

MDOC's Inmate Handbook provides that "[t]he printed forms used in the [ARP] process contain precise instructions for inmate participants. All instructions should be read and followed carefully by the inmate." "The inmate should present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident." Plaintiff did not follow MDOC's procedural rules. Prison officials were first notified that Plaintiff alleged excessive force when Plaintiff filed this lawsuit. Prison officials were not given an opportunity to address

the excessive force claim prior to being sued. Plaintiff's excessive force claim must

be dismissed without prejudice due to Plaintiff's failure to exhaust administrative

remedies. *See Ellis v. Nash*, No. 3:18-CV-127-CWR-JCG, 2019 WL 1433782 (S.D.

Miss. Jan. 15, 2019), *report and recommendation adopted,* No. 3:18-CV-127-CWR-

JCG, 2019 WL 1433766 (S.D. Miss. Mar. 29, 2019).

The exception to exhaustion does not apply. MDOC's ARP was available to

Plaintiff. He was given instructions on how to file a grievance, and, in fact, filed two

grievances. Plaintiff received an ARP response for both grievances. Plaintiff has not

alleged nor shown that prison officials were unable or consistently unwilling to

provide relief to aggrieved inmates, or that prison officials thwarted inmates from

taking advantage of the grievance process through machination, misrepresentation,

or intimidation. *See Ross,* 136 S. Ct. at 1859-60.

**IT IS, THEREFORE, ORDERED** that Defendant Anthony Beasley's

Motion for Summary Judgment Based on Failure to Exhaust Administrative

Remedies (ECF No. 27) is **GRANTED**. Plaintiff's remaining claim, excessive force

by Defendant Anthony Beasley, is dismissed without prejudice under 42 U.S.C. §

1997e(a) due to Plaintiff's failure to exhaust administrative remedies.

**SO ORDERED**, this 26th day of July, 2019.

s/ *John C. Gargiulo*
_____
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE